PRICE, Judge.
Defendant, Dowl Harvey, has appealed from the judgment of the district court awarding plaintiff, The Lemon Tree of Ruston, Inc., the sum of $800.00, plus interest and attorney’s fees. Plaintiff brought suit on a promissory note executed by defendant in connection with a contract to buy and sell real estate. Defendant contends that he is not obligated to pay the note as the consideration for it has failed.
The evidence shows that on April 1, 1968, a written agreement was executed wherein defendant agreed to purchase from plaintiff Lot 9, Block 19 of Ethel McCall Addition in Tallulah, Louisiana, for the sum of $8,000.00. The negotiations on behalf of plaintiff were carried on by Paul Kidd, an attorney and husband of the President of Lemon Tree of Ruston, Inc. The contract furnished by Kidd was a printed form contract prepared for use in a New Orleans subdivision development. Several alteration's were made by Kidd in an attempt to adopt this form contract to the agreement between these parties. The contract provides for a deposit of $800.00 by purchaser with seller as liquidated damages should any breach in the contract occur on the part of the purchaser. The $800.00 note, payable to bearer within 90 days after date, was executed by defendant for this deposit.
The printed contract form had a provision making the contract contingent on the ability of the purchaser to obtain a loan on the property being sold. This clause was stricken through, along with several others not pertinent to the question presented for decision. On the last page of the contract, beneath the signature lines, the following provision was inserted by Kidd and initialed by the parties :
“Vendor agrees to pay each monthly installment of $175.00 to Tallulah State Bank, Tallulah, Louisiana, on $8,000.00 loan vendee will obtain for this sale, said installments not to exceed 24 monthly installments. Vendee agrees to pay Vendor $75.00 a month on each installment, until Vendee repays Vendor for balance of said monthly installments.”
*179 The defendant was unable to obtain the loan from the Tallulah State Bank and did not take title to the property at the time a formal tender was made by plaintiff. Defendant contends primarily that the agreement was contingent on his ability to obtain a loan from the Tallulah State Bank for the purchase price, and that upon his being turned down by the bank, the contract became null and the note executed in connection with it became unenforceable. Defendant also contends the contract is unenforceable because of a defect in the title to the property. It is not necessary to discuss this issue because of our views on the primary defense of the defendant.
Under the Negotiable Instruments Law, contained in LSA-7:28, the absence or failure of consideration is a defense against any person not a holder in due course. Plaintiff does not contend that it is a holder in due course, so the defense of failure of consideration may be urged against it.
The crux of this case is whether or not the parties intended to make this agreement contingent on the procurement of an $8,000.00 loan from the Tallulah State Bank. Plaintiff urges that the striking through of the language in the printed form conditioning the contract on the ability of the purchaser to procure a loan, clearly shows that the parties did not intend for the agreement to be contingent on any such event.
Defendant, on the other hand, contends that the written provision at the end of the contract form was in lieu of the clause that was stricken out, and although the specific language of the stricken clause, spelling out the contingency, was not reincorporated in the added provision, it was understood that the sales agreement would only be effective if the loan were consummated.
Parol testimony was given by defendant without objection. He testified his daughter was the actual party desiring the property owned by plaintiff, and as she was out of the State, he negotiated for the property in her place. He further testified that he had discussed the proposed matter with the President of the Tallulah State Bank and was under the impression that the loan could be made. His testimony shows that the monthly installments quoted by the bank were more than the daughter could pay, and an agreement was then made whereby the Seller would pay the monthly payments for a specified period, with defendant repaying a portion of the payment. Defendant testified that after this arrangement was agreed to, Kidd supplied the printed form of a sales contract and prepared it for confirmation of their agreement.
Dowl Harvey further testified that he made a bona fide effort to consummate the loan and was accompanied to the bank by Paul Kidd. He showed that an attempt was made to secure the same type loan from the other bank in Tallulah, without success.
Plaintiff argues in brief that the failure of Harvey to procure the loan was his unwillingness to mortgage other property owned by him as additional security. There is no evidence in the record to substantiate this position.
We believe the evidence shows that defendant made a bona fide effort to carry out his obligation under the contract to obtain a loan for the purchase price of the property.
It is our opinion that the clause providing that defendant would obtain a loan from Tallulah State Bank is ambiguous in the sense that it is difficult to ascertain what the parties intended if this loan could not be consummated through no fault of the purchaser. The only evidence in the record tending to show what was intended is the parol testimony of the defendant.
The plaintiff did not produce any witnesses to contradict the testimony of defendant, relying on its position that the provisions of the written contract are un *180 ambiguous and do not render the contract contingent on the procurement of the loan by defendant.
“When the terms of a written contract are susceptible of more than one interpretation, or when there is uncertainty or ambiguity as to the provisions of the contract, parol evidence is admissible to clarify the ambiguities and to show the intention of the parties.” Giamanco v. Fairbanks, La.App., 218 So.2d 346 (3d Cir., 1969); and Capizzo v. Traders and General Ins. Co., La.App., 191 So.2d 183 (3d Cir., 1966).
Article 2474 of the Louisiana Civil Code provides:
“The seller is bound to explain himself clearly respecting the extent of his obligations: any obscure or ambiguous clause is construed against him.”
Ambiguities in a provision of a written agreement must be construed against those who prepared the contract. 17 Am.Jur.2d —Contracts 276. Giving effect to these principles of law and in the absence of any evidence to rebut the defendant’s testimony, we must therefore conclude that the parties intended that the agreement was contingent on the procurement of the loan by the purchaser. Upon his inability to consummate this provision, the contract became null and void. This is a logical conclusion in view of the provisions of the clause in question. If the loan was not effected, how could plaintiff have carried out its obligation to make payments of $175.00 per month for a period not to exceed 24 months ?
The consideration for the note sued on was the purchaser’s obligation to deposit $800.00 with the Seller under the provisions of the contract. The contract having become null and void, there is no consideration for the note.
For the foregoing reasons it is ordered that the judgment appealed from be reversed and that there be judgment herein in favor of defendant, Dowl Harvey, and against the plaintiff, Lemon Tree of Rus-ten, Inc., rejecting its demands, at its cost.